PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KRISTY WAMSLEY, ) | |
| ) | CASE NO. 5:18CV269 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |

An Administrative Law Judge ("ALJ") denied Plaintiff Kristy Ann Wamsley's ("Plaintiff") applications for Disability Insurance Benefits and Supplemental Security Income after a hearing. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge William H. Baughman, Jr. for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs and the magistrate judge heard oral argument, he submitted a report (ECF No. 19) recommending the decision of the Commissioner be affirmed in part and reversed and remanded in part. Defendant filed an Objection to the Report and Recommendation. ECF No. 20. Plaintiff has not filed an objection or response. For the reasons that follow, Defendant's Objection is overruled and the magistrate judge's Report and Recommendation is adopted.

(5:18CV269)

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522 23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This standard "allows considerable latitude to administrative

(5:18CV269)

decision makers. It presupposes that there is a zone of choice within which the decisionmakers can decide either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). Pursuant to 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to social security insurance benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

(5:18CV269)

**II**.

The magistrate judge found that substantial evidence supports the ALJ's finding that Plaintiff did not meet or equal Listing sections 12.04, 12.06, or 12.07. ECF No. 19 at PageID #: 2025-26. The magistrate judge also found the ALJ's rejection of the opinions of Dr. Laszlo and Dr. Sassano to violate the legal standards applicable for determining the weight to be given to treating physicians' opinions in fibromyalgia cases and lack the support of substantial evidence. *Id.* at PageID #: 2031.

Defendant filed an objection to the Report and Recommendation, claiming the magistrate judge's findings "do not detract from the substantial basis of the ALJ's decision and do not provide a basis for remand." ECF No. 20 at PageID #: 2035. The Court reviews Defendant's objection *de novo*.

**A. Fibromyalgia**

A treating source opinion must be given controlling weight if such opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the case record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). If the ALJ determines the treating source opinion is not entitled to controlling weight, the ALJ must provide good reasons for discounting the opinion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). In addition, those reasons must be supported by substantial evidence. *Lester v. Social Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015). Reversal and remand of a denial of benefits is appropriate when the ALJ fails to give good reasons for discounting the opinion of the claimant's

4

(5:18CV269)

treating physician, even though "substantial evidence otherwise supports the decision of the Commissioner." *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 860-61 (6th Cir. 2011) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543 (6th Cir. 2004)).

The ALJ found that the opinions of treating physicians Drs. Laszlo and Sassano are not entitled to controlling weight, finding "little support for the need to change positions or the substantial sitting, standing, and walking restrictions that the physicians described." ECF No. 12 at PageID #: 75. Dr. Laszlo found that Plaintiff "could lift less than ten pounds, stand and walk for less than two hours, and sit for about two hours in a workday." *Id.* He also opined that Plaintiff "would need to change positions often and she could never stoop, crouch, or climb ladders." *Id.* Dr. Sassano offered a similar assessment. *Id.* The ALJ found these opinions to be inconsistent with substantial evidence in the case record. *Id.*

Initially, the ALJ found the treating physicians' opinions to be inconsistent with their own treatments notes, which indicated Plaintiff's "normal strength, intact gait, and largely normal neurological functioning." *Id.* Other examining sources also noted "normal gait, tone, strength, sensation, coordination, and other." *Id.* The ALJ also found that the opinions of Drs. Laszlo and Sassano are inconsistent with "objective exams showing mild to at best moderate findings." *Id.* Finally, the ALJ found Plaintiff's engagement in "numerous daily activities" to be inconsistent with the findings of Drs. Laszlo and Sassano. *Id.*

Fibromyalgia, unlike medical conditions that can be confirmed by objective testing, does not present itself through "objectively alarming signs." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). Accordingly, "objective tests are of little relevance in determining the

5

(5:18CV269)

existence or severity of fibromyalgia." *Id.* (citing *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988)). Fibromyalgia patients typically "manifest normal muscle strength and neurological reactions and have a full range of motion." *Kalmbach*, 409 F. App'x at 861 (quoting *Preston*, 854 F.2d at 820). "[S]uch findings are not indicative of the severity of a claimant's fibromyalgia." *Salsgiver v. Comm'r of Soc. Sec.*, No. 1:11-CV-351, 2012 WL 2344095, at *9 (N.D. Ohio June 20, 2012) (citing *Rogers*, 486 F.3d at 244).

Evidence of Plaintiff's normal strength, gait, and neurological functioning is not inconsistent with the treating physicians' opinions. Fibromyalgia causes severe musculoskeletal pain and tenderness at certain focal points. *E.g.*, *Rogers*, 486 F.3d at 243-44. Plaintiff's normal strength, gait, and neurological functioning has little bearing on whether sitting, standing, or walking for extended periods of time would exacerbate that pain and tenderness. Nor do "objective exams showing mild to at best moderate findings." *See Rogers*, 486 F.3d at 243. The above findings have little to no relevance to the propriety of the treating physicians' opinions on restrictions of Plaintiff's sitting, standing, and walking. Accordingly, the magistrate judge correctly found that this evidence is insufficient to act as the basis for discounting the opinions of the treating physicians.

Moreover, there is insufficient evidence identified in the record supporting the ALJ's finding that Plaintiff's engagement in "numerous daily activities" is inconsistent with the treating physicians' findings. The ALJ, citing to Plaintiff's Function Report, found that Plaintiff "interacted with friends occasionally," "watched television," "handled her finances," and "was

6

(5:18CV269)

able to follow the proceedings at the hearing and answer questions appropriately." ECF No. 12 at PageID #: 69-70, 359-67. The ALJ also noted that Plaintiff, who lives with her father, "provided care for her child," "went shopping and prepared meals," and "performed several household chores, including cleaning, washing dishes, and doing laundry." Id. at PageID #: 70. However, the ALJ failed to note that Plaintiff's child is a nineteen year old college student. Id. at PageID #: 93. Plaintiff testified that her son carries the laundry up and down the stairs and helps her "a lot" when she cooks or does the dishes. Id. at PageID #: 104-05. The providing of care for a 19 year old college student and the handling of basic chores, with the assistance of her son and father, are not inconsistent with the treating physicians' "substantial sitting, standing, and walking restrictions." See Adamczyk-Drummond v. Colvin, No. CV 15-13493, 2017 WL 710063, at *10 (E.D. Mich. Jan. 26, 2017) ("In any case, even if [the claimant] performed daily activities as represented by the ALJ, that would not mean that she had the RFC to perform work requiring her to stand or walk for up to eight hours, or to work for eight hours at all.").

Defendant's argument that the magistrate judge improperly considered Plaintiff's hearing testimony is unpersuasive. Defendant correctly notes that the ALJ is entitled to make credibility determinations, so long as the explanation in support is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Rogers, 486 F.3d at 248. However, the ALJ did *not* put into question the accuracy or credibility of Plaintiff's recounting of her daily activities. The ALJ's credibility determinations in his decision were limited "to the claimant's alleged symptoms and limitations," which suggest "that the claimant was capable of more than she

7

(5:18CV269)

described." ECF No. 12 at PageID #: 75. There is a distinction between the breadth of Plaintiff's regularly performed activities and Plaintiff's resulting symptoms and limitations. Because the ALJ called into question the credibility of claimant's testimony of her symptoms and limitations, and not her testimony concerning her performance of her daily tasks, the magistrate judge properly considered Plaintiff's hearing testimony regarding her performance of her daily tasks in his Report and Recommendation.

Defendant also argues that State Agency medical consultant Dr. Leslie Green's finding that Plaintiff could perform light work is inconsistent with the treating physicians' opinions. ECF No. 20 at PageID #: 2039. The ALJ, in his decision, summarizes Dr. Green's opinion, then discounts it, giving it "little weight." ECF No. 12 at PageID #: 74. Although the ALJ cites several documents in support of his finding that the treating physicians' treatment notes are inconsistent with substantial evidence in the record, he does not mention Dr. Green's findings. *Id.* at PageID #: 75. Nothing suggests that the ALJ relied upon Dr. Green's findings to discount the treating physicians' opinions.

The ALJ does not identify any other inconsistencies between the treating physicians' opinions and the evidence in the record. Defendant instead argues reasons the ALJ *could* have

(5:18CV269)

identified to discount the treating physicians' opinions, but did not.[1]  ECF No. 20 at PageID #: 2036-40.  None of these reasons are appropriate for the Court's review.  An agency's action may only be upheld on a basis articulated by the agency itself.  *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991).  "[T]he requisite evidence and analysis must appear in the ALJ's decision, not simply be present in the rest of the record."  *Fry v. Comm'r of Soc. Sec.*, No. 2:17-CV-10899, 2018 WL 3765422, at *9 (E.D. Mich. July 20, 2018) (quoting *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x. 739, 753 (6th Cir. 2011)).  Because Defendant's other reasons for discounting the treating physicians' opinions do not appear in the ALJ's decision, the Court declines to consider them.

Defendant's objection is overruled.

**B.  Listings 12.04, 12.06, and 12.07**

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service.  Objections to the magistrate judge's Report were, therefore, due on November 28, 2018.  Plaintiff has not filed an objection, evidencing satisfaction with the magistrate judge's recommendations.  Any further review of this issue by this Court would be a

---

[1] Plaintiff claims the magistrate judge "appears focused only on one portion of the ALJ's evaluation of the treating physician opinions, without recognizing that the Court should look to the entire decision for the ALJ's analysis of the treating physician opinion and to explain how he reached his findings regarding Plaintiff's limitations."  ECF No. 20 at PageID #: 2038.  Upon review of the ALJ's decision in its entirety, the Court does not find any analysis of the treating physicians' opinions outside of that "one portion."  Nor does Defendant identify any such analysis in its objection.

9

(5:18CV269)

duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

### III.

For the reasons above, the Court overrules Defendant's Objection to the Report and Recommendation.  ECF No. 20.  The Report and Recommendation is adopted.  ECF No. 19.  The ALJ's finding that Plaintiff did not meet or medically equal a Listing is affirmed .  The ALJ's decision is reversed and remanded for proper consideration of the opinions of Plaintiff's treating physicians, Drs. Laszlo and Sassano, with respect to Plaintiff's fibromyalgia.


IT IS SO ORDERED.

| February 13, 2019 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |